IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROY R. CASSTEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07CV657 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Roy R. Casstevens seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his claim for Disability Insurance Benefits. The Commissioner's denial decision became final on June 25, 2007, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

The Claimant

Plaintiff was born on January 29, 1952, and was 51 years of age on his alleged onset date of disability. He has a high school education. Plaintiff has past relevant work experience as a cabinet maker doing woodworking and finish carpentry. Plaintiff alleges disability as of December 23, 2003, due to a motor vehicle accident causing a broken left ankle, broken right foot/heel, L4 burst fracture, and S1 and C2 fractures.

## The Administrative Proceedings

Plaintiff filed an application for Disability Insurance Benefits on April 13, 2004, alleging disability as of December 23, 2003, due to a motor vehicle accident causing a broken left ankle, broken right foot/heel, L4 burst fracture, and S1 and C2 fractures. His claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on January 5, 2006, and a decision denying benefits was issued on November 3, 2006. Plaintiff filed a request for review, and on June 25, 2007, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff thereafter filed a request for judicial review.

The findings of the ALJ relevant to this review include the following:

1-2. Plaintiff meets the disability insured status requirements of the Social Security Act and is insured through December 31, 2009. He has not engaged in substantial gainful activity since December 23, 2003, the alleged onset date of disability.

3-4. Plaintiff's lumbar spine disorder, history of left ankle injury and history of right foot injury are "severe" impairments, but do not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1.

5-6. Plaintiff has the residual functional capacity to perform a significant range of light work in a job which allows Plaintiff to lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk for four to six hours in an

eight-hour day, have an opportunity to alternate sitting and standing every twenty to thirty minutes for several minutes each time, and avoid exposure to work hazards such as dangerous machinery or unprotected heights, and which requires only occasional bending at the waist, crouching, kneeling, crawling and use of foot controls bilaterally. Plaintiff is, however, unable to perform any past relevant work.

7-9. Plaintiff was born on January 29, 1952, was 51 years old on his alleged onset date of disability, and is therefore an individual closely approaching advanced age. He has at least a high school education and can communicate in English. Transferability of job skills is not material to the determination of disability because the Medical-Vocational Rules, used as a framework, support a finding that Plaintiff is "not disabled" regardless of whether he has transferable skills.

10. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

11. Plaintiff has not been under a "disability" as defined by the Social Security Act from December 23, 2003 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520 (2007). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter*

*v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on December 23, 2003, his alleged onset date of disability, and continues to meet them through December 31, 2009. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability. Proceeding to step two, the ALJ found that Plaintiff suffers from lumbar spine disorder, history of left ankle injury and history of right foot injury, impairments that are severe within the meaning of 20 C.F.R. § 404.1520(c). The ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. The ALJ concluded his evaluation at steps four and five, finding that Plaintiff has the residual functional capacity to perform a significant range of light work in a job which allows Plaintiff to lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk for four to six hours in an eight-hour day, have an opportunity to alternate sitting and standing every twenty to thirty minutes for several minutes each time, and avoid exposure to work hazards such as dangerous machinery or unprotected heights, and which requires only occasional bending at the waist, crouching, kneeling, crawling and use of foot controls bilaterally. He is, however, not capable of returning to his past relevant

work. Based on Plaintiff's residual functional capacity and his age, education and work experience, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform, and thus Plaintiff is "not disabled."

In this action for judicial review, Plaintiff first argues that the ALJ improperly discounted the opinions of Plaintiff's treating physicians. (Docket No. 15, Mem. in Supp. of Pl.'s Mot. for Summ. J., at 7.) Specifically, Plaintiff contends that the ALJ gave insufficient weight to the opinion of his back specialist, Dr. Timothy W. McGowen, that Plaintiff is "permanently and totally disabled," and to the opinion of his foot and ankle specialist, Dr. Alonzo D. Kornegay, that he is permanently restricted from any job involving prolonged standing or walking, and that he is permanently disabled. (*Id.*)(citing Tr. at 227-28, 233.)

On October 20, 2004, Plaintiff complained to Dr. McGowen of axial back pain and bilateral hip pain, with an inability to sit or stand for any length of time. (Tr. at 230.) Dr. McGowen diagnosed "[p]robable central and foraminal stenosis from his burst fracture superimposed upon his degenerative disc disease." (*Id.*) Dr. McGowen ordered an MRI and on December 15, 2004, Plaintiff returned for follow-up. (*Id.* at 229.) Dr. McGowen reported that the MRI showed the following:

> [A] cleavage split of the L4 body with continuity of the L3-4 and L4-5 disc mid body. There is foraminal stenosis at the L4 neuroforamen and a narrowed disc at 5-1. He has what appears to be a disc fragment posterior to the body of L5. Previous laminectomy on the left at 5-1.

(*Id.*)  Dr. McGowen's impression was "[d]ebilitating lumbar injury with foraminal stenosis and L5 radiculopathy on the right." Dr. McGowen recommended lumbar epidurals and could not exclude the possibility of reconstructive surgery versus isolated decompression of the L5 root on the right.  (*Id.*)   On December 17, 2004, Dr. McGowen wrote a note stating that Plaintiff "has a severe L4 fracture burst deformity with nerve damage.  He is permanently and totally disabled and should immediately be considered for SSI." (*Id*. at 228.)

The ALJ considered Dr. McGowen's opinion that Plaintiff is permanently disabled, but gave it "little weight," finding that it is not supported by Dr. McGowen's own treatment notes or the other medical evidence.  (*Id.* at 17.)  Specifically, the ALJ found that although Dr. McGowen stated that Plaintiff's L4 burst fracture resulted in nerve damage, his treatment notes reflect only some sensory dysthesia in the L5 distribution and no actual motor deficits. (*Id.*)(citing *id.* at 230.)  The ALJ also stated that "Dr. McGowen assessed probable central and foraminal stenosis on October 20, 2004 but an MRI referred to in clinical notes dated December 15, 2004 showed some foraminal stenosis but no significant canal stenosis." (*Id.*)

On review, and based on the medical record, the Court finds that the ALJ's finding is not supported by substantial evidence, although for a reason different than those argued by Plaintiff.  In finding that Dr. McGowen's conclusions regarding Plaintiff's MRI did not support his opinion regarding Plaintiff's functional limitations, the ALJ erroneously exercised medical expertise outside the scope of her authority.  *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984.)  In *Wilson,* the ALJ discounted the opinions from plaintiff's

examining and treating physicians that she suffered disabling impairments to her back. (*Id.* at 220-21.) The ALJ discounted the examining physician's opinions, finding that his clinical findings did not support his conclusions about the plaintiff's limitations. (*Id.* at 221.) The Court held that the ALJ impermissibly "exercised an expertise he did not possess" and erroneously substituted his own opinion for that of the state's consulting physician. *Id.*

Similarly in this case, the ALJ's interpretation of Plaintiff's MRI requires medical knowledge and training that she does not possess. Because the ALJ is not a medical professional, it is not appropriate her to reinterpret the results of the MRI, and the substitution of her opinion for that of a treating specialist presenting medical evidence is in error. This Court, in reviewing the matter, is similarly not in the position to interpret the MRI findings, as expressed by Dr. McGowen. On remand, the Commissioner must obtain an expert medical opinion to determine if the MRI does in fact support Dr. McGowen's opinion concerning Plaintiff's limitations.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 14) be granted, that the Commissioner's motion for judgment on the pleadings (Docket No. 18) be denied, and that this matter be remanded to the Commissioner for further proceedings consistent with this decision.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 15, 2008